## DAN PECARIA v. THE STATE.

### No. 2893.   Decided April 19, 1905.

**Local Option—Fact Case—Cold Storage.**

Where the evidence showed that appellant had no knowledge of the sale nor acted with the person making it, and that the latter had no authority to sell the whisky as far as appellant, who kept a cold storage, was concerned, the conviction for a violation of the local option law can not be sustained.

Appeal from the County Court of Bell.   Tried below before Hon. G. M. Felts.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*J. B. McMahon,* for appellant.—Welsh v. State, 3 Texas Crim. App., 413; Gerstenkorn v. State, 44 S. W. Rep., 502; Scales v. State, 83 S. W. Rep., 380.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction for violating the local option law. The only question necessary to be reviewed is the sufficiency of the evidence.   The record shows appellant was proprietor of a cold storage, and kept intoxicants on deposit for his customers.   He had a negro employed working behind the bar.   Prosecutor testified that he purchased the intoxicant in question from this negro.   At the time he purchased from the negro, appellant was behind the bar.   Prosecutor saw the negro give appellant the money to pay for the intoxicants, but could not say that appellant saw or knew the negro sold him the intoxicant. The evidence shows appellant and the negro were acting jointly; they were behind the bar, and appellant was about ten or fifteen feet from the negro at the time he poured out the intoxicant and gave it to prosecutor. These are cogent facts, and in our opinion, establish the fact that appellant engaged in the sale of the intoxicating liquor.   The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### November 22, 1905.

BROOKS, JUDGE.—The judgment was affirmed at the Austin Term, and is now before us on rehearing.   Appellant strenuously insists that the facts are not sufficient to support the conviction, and that the court erred in so holding.   The State relies for conviction alone upon the testimony of the negro Henry Collins, who testified that he purchased a half-pint of whisky from another negro, named Stewart, who was work-

ing for appellant. At the time the sale was made, appellant was at the far end of the bar, fifteen or twenty feet away, waiting on several members of his club, and a screen was between him and Collins and Stewart; and therefore he could not have seen the transaction between them. It is true that he received 25 cents, paid for the whisky, according to the testimony of Collins, but as Stewart had charge of and was running a lunch stand for appellant, he testifies he thought the 25 cents was the proceeds of something sold at the lunch counter. When the money was paid to appellant he was busily engaged waiting on the members of the club, and Stewart did not tell him what the money was for, did not say anything to him. Appellant never gave the negro Stewart any authority to sell whisky for him, and if he did so on this occasion, it was without his knowledge or consent. So far as the evidence discloses, this seems to be the first transaction of this kind that had taken place in the club. The evidence is sufficient to show that Stewart made the sale, and would sustain a conviction against him. But appellant cannot be held responsible for this sale, unless the evidence connects him with it. There is no evidence showing that appellant had any knowledge of the sale or acted with Stewart in the sale. The motion for rehearing accordingly is granted, and the judgment reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.